## CITY OF HELENA v. FITZPATRICK.

CONSTRUCTION:

A bond in which the obligors acknowledge themselves to be indebted to the obligee "in the sum of seventy dollars and eighty-three cents (monthly rent), upon condition that, whereas, the obligors had leased from the obligee certain described premises, for the period of twelve months, for the sum of seventy dollars and eighty-three cents (monthly rent), to be paid in monthly installments of seventy dollars and eighty-three cents," and then providing that if the obligors should pay said sums as they became due, the bond should become void, binds the obligors for the amount named for each successive month, and not merely for the penalty of the bond.

APPEAL from *Phillips* Circuit Court.
Hon. J. N. CYPERT, Circuit Judge.

REPORTER'S STATEMENT.

Suit by the appellant against the appellee, in the Phillips circuit court, upon the following bond:

" We, P. F. Anderson, as principal, and L. A. Fitzpatrick, as surety, acknowledge ourselves to be owing and indebted to the city of Helena in the sum of seventy dollars and eighty-three cents (monthly rent), in United States currency; but, upon this express and well-understood condition: that, whereas, P. F. Anderson has leased from the mayor and council of Helena the exclusive forwarding and shipping privilege in, to and from the following tract or parcel of land, lying and situate in Helena, to wit: lots sixty-nine, seventy and seventy-one, together with the river-bank, in front of what is known as Public Square, for the period of twelve months from the date of said lease, for the sum of seventy dollars and eighty-three cents (monthly rent), to be paid in monthly installments of seventy dollars and eighty-three cents, in advance, on the eighteenth day of each month.

" Now, therefore, if the said P. F. Anderson and L. A. Fitzpatrick should well and truly pay the said sums as they become due, then, and in that event, this bond shall become void; but, if said sums shall not be paid when due, then this bond is to be in full force and effect.

" Witness, etc., the twenty-first day of February, 1878.

" PAUL F. ANDERSON,
" L. A. FITZPATRICK."

The defenses made and questions raised in this case, were the same as those in *The City of Helena v. Turner et al., ante,* to-

City of Helena v. Fitzpatrick.

gether with the further question stated in the opinion of the court.

Verdict and judgment for the defendant. Motion for new trial overruled, and bill of exceptions filed, and appeal by the plaintiff to this court.

*P. O. Thweatt*, for appellant:

Defendant estopped to deny the power of the city to license. *Bigelow on Estoppel*, 327, 384, 467; 1 *Wash. on R. P., pp.* 484, 486, 487, 492; *Taylor's L. & T., secs.* 629, 705 and 6; 31 *Ark.*, 470; 6 *Mo.*, 476.

Evidence does not show dedication to public purposes. *Dillon on Mun. Corp., p.* 476, *sec.* 491, *and cases cited;* also, *ib., secs.* 433 and 4, *and notes (1st ed.); Act of* 1874–5, *p.* 6, *sec.* 7.

Even if dedicated, city had power to lease. See act *supra. Dillon on Mun. Corp.,* title, " *Wharves," and cases cited and note* 2, *p.* 121 *(1st ed.).*

*John C. Palmer*, for appellee:

The penalty of the bond being less than $100 to cover breach for each month, the case was not in the jurisdiction of the circuit court.

OPINION.

EAKIN, J. This case is similar, in essential respects, to that of *The City of Helena v. Bart. Y. Turner et al.*, just decided, involving the same principles, and the same misconceptions of the law by the circuit court.

The bond given to secure the whole yearly rent, at the rate of $70.83 per month, acknowledges the obligors to be indebted to the city "in the sum of seventy dollars and eighty three cents (monthly rent), in United States cur-

rency." The conditions then recite the lease for one year, at the monthly rent above stated, and provide that the obligation shall be void if the monthly rents are duly paid during the term. Defendants contend that the full extent of their liability on the bond is the sum mentioned in the penalty, and that the cause is within the exclusive jurisdiction of a justice of the peace.

The bond is carelessly drawn. It would have been better to have not put it in the form of a penalty at all; or, if that form had been preferred, to have made the sum large enough to have covered the whole time for which it was to stand as security. Nevertheless, it may be construed according to its obvious intention, and, by virtue of the terms "monthly rent," in brackets, be held to signify an intention to hold themselves bound for the amount named for each successive month of the term. This intention is manifest from the whole bond, without parol proof.

There was error in refusing a new trial. Reverse, and remand for further proceedings.